HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOHEMI TERESA ESTRADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILD PROTECTIVE SERVICES, et al., <br><br> Defendants. | CASE NO. C18-5530 RBL <br><br> ORDER DENYING IFP APPLICATION |

THIS MATTER is before the Court on Plaintiffs' application to proceed *in forma pauperis* [Dkt. #1]. Nohemi Estrada (on behalf of herself and her minor child) and her adult son Shane attached a proposed complaint seeking to bring a § 1983 lawsuit against 12 individuals associated with the Washington Department of Social and Health Services. Plaintiffs allege that the Defendants conspired to unlawfully remove Estrada's teenage son (J.E.) from her custody.

## I. LEGAL STANDARD

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). If the Court grants a plaintiff's application to proceed *in forma pauperis*, the Court can order the U.S. Marshal's Service or the Clerk's Office to serve the summons and complaint on each defendant listed in the complaint. *See* Fed. R. Civ. P. 4(c)(3); Local Rules, W.D. Wash. 4(c); *see also Pro Se* Guide to Filing Your Lawsuit in Federal Court, U.S. District Court, W.D. Wash., at 22–23 (*available at* http://www.wawd.uscourts.gov/representing-yourself-pro-se).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).

## II. DISCUSSION

Plaintiffs have not established that they are indigent or that their proposed complaint is non-frivolous. Nohemi and Shane Estrada's combined income is approximately $2,000/month and is excess of their monthly expenses. The Estrada's also appear to have over a thousand dollars in their checking account. Although indigency is a close question, Plaintiffs' proposed complaint tips the balance against their IFP application.

The longwinded 52-page proposed complaint details Nohemi Estrada's extensive parenting difficulties with her teenage son. Estrada describes her son's delinquent behavior which apparently led to numerous contentious interactions with Washington's Child Protective Services (CPS). Estrada asserts that CPS removed J.E. from her custody after he made several allegations of mental and physical abuse and neglect in the Estrada household. Estrada alleges Defendants conspired to deprive her of her constitutional rights. Although Estrada accurately recites the elements of her numerous claims, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

Allegations against Defendant Goodenough are the most specific, but Plaintiffs' proposed complaint is lacking in that it attempts to lump in the other Defendants without specifying what they did, when they did it, and what constitutional rights or federal laws they are alleged to have violated. Some claims are alleged against Defendants who Plaintiffs have never interacted with and are based solely on a case note in J.E.'s CPS file that Estrada takes issue with. Nor has Estrada alleged sufficient facts to demonstrate that J.E.'s foster parent was acting under the color of state law or was a private party who willfully participated with state actors for purposes of a § 1983 action. *See Safouane v. Fleck*, 226 F. App'x 753, 767 (9th Cir. 2007). In short, Plaintiffs'

proposed complaint is deficient in articulating plausible claims against most of the named defendants.

For these reasons, the application to proceed *in forma pauperis* is **DENIED. Plaintiff shall pay the filing fee, or file a proposed amended complaint addressing these deficiencies, within 21 days of this Order, or the matter will be dismissed without further notice.**

IT IS SO ORDERED.

Dated this 6th day of August, 2018.

                                                 /s/ Ronald B. Leighton
                                                 Ronald B. Leighton
                                                 United States District Judge