HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOHEMI TERESA ESTRADA, et al., | CASE NO. C18-5530RBL |
| Plaintiffs, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF CHILD PROTECTIVE SERVICES, | |
| Defendant. | |

THIS MATTER is before the Court on renewed applications to proceed *in forma pauperis* by plaintiffs Nohemi Estrada, Shane Estrada, and Nohemi's minor son A.E. [Dkt. #s 12, 13 and 14]. The Court denied [Dkt. # 4] Plaintiffs' initial application both because it was not clear plaintiffs were indigent, and because the 52-page proposed complaint failed to state a plausible claim.

Plaintiffs filed an 81-page proposed amended complaint [Dkt. # 8], and have since filed updated affidavits claiming they are indigent. The plaintiffs have established their indigency, but they have not remedied the flaws in their proposed complaint.

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no

arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Plaintiffs new complaint is even longer than the first one, but it still does not articulate a plausible claim. It is very difficult to follow. It does not describe facts, its describes the plaintiffs' claims. Instead of saying what actually happened—the "who what when where and why" of a factual story—the complaint is conclusory and confusing:

BACKGROUND:

> 12. June 3, 2015, Clark County Juvenile Probation Counselor D'Alene White orchestrated the submission of a CPS referral in retaliation against Plaintiff Nohemi Teresa Estrada for walking out on Ms. White and Ms. Hull during a heated discussion the previous day. On June 3, 2015, an Intake Report was entered into the database by Children's Administration. No indication in the report identifies the interviewer, however, it is clear that Josiah was present and gave the responses in the interview that occurred at Mountain View High School –Evergreen School District Vancouver Washington.

[Dkt. # 8]

The Court has no way of knowing the underlying facts, and neither do the defendants. It is apparent that one of Nohemi's children (non-party Josiah) was or is incarcerated, and that another (plaintiff A.E.) is autistic and troubled by Josiah's absence, but nowhere in the document is a simple straightforward articulation of what any defendant actually *did* to violate any plaintiff's rights. It appears that Josiah was arrested for assaulting his mother, and that she may have been arrested as the result of that altercation as well. There is mention of a trial court and a trail, but it not clear what happened or whether that outcome is what Nohemi is suing about.

If that is what she is suing about, it is not actionable here. This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment

of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

For these reasons, the motion to proceed *in forma pauperis* based on this implausible proposed complaint is **DENIED**. Plaintiffs shall pay the filing fee within 21 days or file a second proposed amended complaint, or the matter will be dismissed. Furthermore, and in any event, neither Nohemi or Shane can represent A.E. in this or any case. If he is not competent to represent himself, he must have an attorney represent him, not a non-attorney parent or sibling.

Any proposed complaint should address these issues and shortcomings, and tell a plausible, understandable story, preferably in plain, short, chronological sentences. There is no need for an 81-page complaint, and there is no need for any sort of detailed legal analysis. It is far more important to clearly state a factual claim than it is to cite a host of legal authorities.

IT IS SO ORDERED.

Dated this 9th day of July, 2019.

Ronald B. Leighton
United States District Judge