|   |   |   |
|---|---|---|
| 1 | | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| NOHEMI TERESA ESTRADA, et al., | CASE NO. 3:18-cv-05530-RBL |
|---|---|
| Plaintiffs, | ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| WASHINGTON STATE DSHS – CHILD ADMINISTRATION (DSHS-CPS), et al., | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiffs' third Motion to Proceed *in Forma Pauperis*. Dkt. # 17. Although the Court acknowledged that Plaintiffs had demonstrated indigency, the Court denied their last motion to proceed *in forma pauperis* because Plaintiff's 81-page proposed amended complaint did not state a plausible claim. Dkt. # 15. Plaintiffs' have now submitted another proposed amended complaint, the body of which has been trimmed down to a svelte 70 pages. Dkt. # 16. The heart of Plaintiffs' case concerns a determination by Child Protective Services to remove Plaintiff Nohemi Estrada's son, Josiah, from her custody. That decision, which was premised on Josiah's malnutrition and Nohemi's supposed failure to address Josiah's mental health concerns, was ultimately reversed by an administrative law judge for lack of supporting evidence. *See* Dkt. # 16, Ex. 1, at 12.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). However, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. 15(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiffs' latest complaint alleges seven causes of action for § 1983 violation of constitutional rights, *Monell* liability under § 1983, "violation of civil rights," intentional infliction of emotional distress, abuse of process, invasion of privacy, and negligence. Plaintiffs

1 have also sued fourteen named defendants, all of which work for either the Washington
2 Department of Social and Health Services (DSHS), the Clark County Juvenile Justice Center
3 (JJC), and the Washington Office of Public Defense (OPD). Plaintiffs have also sued all three of
4 those departments themselves and 50 fictitious Doe defendants.

Plaintiffs apparently ignored the Court's advice that there is "no need for an 81-page complaint, and there is no need for any sort of detailed legal analysis." Dkt. # 15 at 5. Their complaint is exceedingly long and includes myriad inconsequential details. But the clutter of Plaintiffs' complaint obscures any concrete, understandable explanation of what discrete act, or acts, underlie their claims. Instead, Plaintiffs seem to believe that every government actor they have encountered (in addition to 50 that they cannot even name or describe) have violated their rights and are in collusion against them. Many of the allegations in the complaint have to do with various Defendants making comments that Plaintiffs disliked or failing to prevent other Defendants from doing certain things. However, it is unclear which of these acts amount to violations of law.

There may be a plausible claim lurking somewhere within Plaintiffs' complaint, but the Court cannot discern it among Plaintiffs' rambling allegations and unfounded clumping of defendants in conspiratorial groups. Rule 8 requires that "a claim for relief must contain: . . . a *short* and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). That requirement has not been met here. Under these circumstances, the Court will not use its discretion to grant in *forma pauperis status*. Plaintiffs' Motion is DENIED and they are directed to pay the filing fee within 21 days of this Order or this case will be dismissed.

1   IT IS SO ORDERED.

2   Dated this 20th day of September, 2019.

        _____
        Ronald B. Leighton
        United States District Judge